**UNITED STATES of America**

v.

**Daniel S. MARTINEZ.**

**Crim. A. No. SA74CR123.**

United States District Court,
W. D. Texas,
San Antonio Division.

Dec. 3, 1974.

Reconsideration Denied Dec. 9, 1974.

---

6. S.Rep.No.1708, 89th Cong., 2d Sess. (1966); H.R.Rep.No.1884, 89th Cong., 2d Sess. (1966), U.S.Code Cong. & Admin. News, p. 3722 (1966).

William S. Sessions, U. S. Atty., Joel D. Conant, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

Anthony Nicholas, San Antonio, Tex., for defendant.

SPEARS, Chief Judge.

The Court has before it for consideration the defendant's motion to proceed on appeal *in forma pauperis* together with his affidavit in support thereof. Since the defendant had employed counsel during the trial on the merits, an order to show cause why such an appeal should be permitted was directed to the defendant and his counsel, in response to which the following information was obtained:

(1) The defendant agreed to pay his attorney a fee of $6,000 for the trial on the merits, not including an appeal.

(2) The total amount of money already paid by the defendant to his employed counsel is $5,200.

(3) To raise the money paid to his attorney, the defendant used $2,000 that he had in the bank; received $2,000 from members of his family; and borrowed $1,200 from a local finance company. According to his counsel, the loan from the finance company, for which he had to put up as collateral his motor vehicle, furniture, and appliances left the defendant "destitute".

(4) Counsel for defendant states that he spent approximately 32 hours "in Court", and 46 hours "out of Court" on behalf of his client.

 Ordinarily, this Court would not concern itself with the fees paid to an attorney by his client, but where, as here, the client, in order to pay the fee demanded by his attorney for services in the trial court alone, depletes his resources to the point where he has become destitute, and then seeks the right to prosecute an appeal *in forma pauperis*, it becomes the duty of the Court to meticulously examine into the nature and extent of the services rendered for the purpose of determining whether or not the fees charged were reasonable under the circumstances. In making this determination it is appropriate to use the guidelines set forth in the Criminal Justice Act (18 U.S.C. § 3006A) since the kind of appeal sought by the defendant involves the use of public funds.

The Act specifies that "in Court" time is to be calculated on the basis of $30 per hour, and compensation for "out of Court" time is to be at the rate of $20 per hour. Accepting counsel's estimates of time spent in and out of Court at face value, the total fee under the Act would amount to $1,880, but this would be limited to $1,000 by the ceiling in that amount set by the Act for representation in the District Court, with an additional maximum fee of $1,000 allowed in the Appellate Court. This case required only two days for trial,[1] so it was by no means a protracted one for which additional compensation could be awarded. However, even if the full amount of $1,880 were allowed, there would still remain $3,320 available for the appeal, and this is certainly more than adequate for that purpose. In this connection the Court Reporter estimates that the cost of the transcript will be $375.

---

1. By an "Amended Information for Counsel Appointed Under the Criminal Justice Act", dated October 6, 1974, the judges in this district adopted guidelines with respect to the maximum compensation that will ordinarily be allowed, and for a trial lasting two days, but not more than three days, the compensation will not exceed $700.

■ In view of the foregoing, this Court holds that when an employed attorney undertakes to limit his representation of a defendant in a criminal case to the trial on the merits, and receives a substantial fee for his services, a showing of extraordinary good cause, taking into consideration the guidelines of the Criminal Justice Act, will be required before the taxpayers will be called upon to pay any part of the fees, costs or expenses on appeal, even though the defendant is then destitute. In the absence of such a showing, the attorney will be expected to continue his representation of the client on appeal, and, if the circumstances warrant it, to defray out of the funds paid to him by his client, all or such part of the costs and expenses of the appeal as the Court may direct.

■ Since the defendant in the instant case has paid his attorney more than an ample amount to pay all reasonable fees, costs and expenses in both the trial and appellate court, consistent with the spirit and purpose of the Criminal Justice Act, his motion to proceed on appeal *in forma pauperis* is denied, and his attorney is ordered to continue to represent the defendant on appeal, and to pay all of the costs and expenses of the appeal.

## ON REQUEST FOR RECONSIDERATION

■ In his request for reconsideration of the order of December 3, 1974, defendant's attorney stresses the fact that the right of an attorney to contract freely and voluntarily with a client concerning a fee arrangement should not be curtailed unless there has been an abuse in the procedure.

■ This Court agrees wholeheartedly with that proposition, but is of the opinion that when the contract provides for a substantial fee in a criminal case, limits the attorney's services to the trial on the merits, strips the client of all of his financial resources, and contemplates that, in the event of a conviction, a motion to proceed on appeal at public expense will be urged, a sufficient probability of abuse exists to require a detailed investigation of the circumstances by the Court. Therefore, if at any stage of the proceedings involving the trial and the appeal the employed attorney seeks the payment of any part of the fees, costs or expenses thereof from public funds, he should expect to be required to show extraordinary good cause, consistent with the guidelines of the Criminal Justice Act, before the financial burden will be shifted from him and/or his client to the taxpayers. But it should be emphasized that it is only when the question of probable abuse has arisen that the Criminal Justice Act comes into play.

■ Since this Court has the responsibility to see to it that neither the spirit nor the purpose of the Criminal Justice Act is abused, either intentionally or unintentionally, an employed attorney who has charged a substantial fee and wishes to avoid having to make a showing of extraordinary good cause, should make it a point to include in his contract of employment the representation of his client "at every stage of the proceedings from his initial appearance before the federal magistrate or the court through appeal". [2]

The request for reconsideration is denied.

2. See Rule 44, F.R.Cr.P. which uses this language in defining the right to assigned counsel of every defendant who is unable to obtain counsel. Rule 32(a)(2), F.R.Cr.P. also recognizes the fact that a defendant is entitled to an appeal to the Court of Appeals as a matter of right.