### UNITED STATES of America

### v.

### Gilberto LOPEZ–FLORES.

### Crim. No. L–88–153.

United States District Court,
S.D. Texas,
Laredo Division.

Nov. 28, 1988.

Carlos Martinez, U.S. Atty., Laredo, Tex., for U.S.

David Almaraz, Laredo, Tex., for defendant.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Defendant seeks leave to appeal *in forma pauperis.* He claims to have no assets and represents that his last employment terminated in September. However, this Defendant did not appear as a pauper during the trial, but was represented by a retained attorney, David Almaraz. He states that he has paid $15,000.00 to Mr. Almaraz for services rendered "to date."

The substantial fee paid by this Defendant to his attorney is relevant to the determination of this motion. "[W]here, as here, the client, in order to pay the fee demanded by his attorney for services in the trial court alone, depletes his resources to the point where he has become destitute, and then seeks the right to prosecute an appeal *in forma pauperis,* it becomes the duty of the Court to meticulously examine into the nature and extent of the services rendered for the purpose of determining whether or not the fees charged were reasonable under the circumstances." *United States v. Martinez,* 385 F.Supp. 323, 325 (W.D.Tex.1974), *aff'd,* 522 F.2d 1279 (5th Cir.1975), *cert. denied,* 425 U.S. 906, 96 S.Ct. 1498, 47 L.Ed.2d 756 (1976). Reasonableness of the fees charged should be determined in reference to what Mr. Almaraz would have received if Defendant had proceeded *in forma pauperis* from the onset. *Id.* Under the Criminal Justice Act, an appointed attorney normally would be compensated at a maximum rate of $60.00 per hour for time in court and

$40.00 for time out of court. 18 U.S.C. § 3006A(d)(1). The maximum compensation would be $3,500.00. § 3006A(d)(2). It is instructive that the attorney for a co-defendant who did proceed *in forma pauperis* at trial submitted a CJA voucher in a total amount of $3,600.00, which the Court approved for $3,500.00. This co-defendant, Melinda Franks Petree, generally participated in the same trial and hearings as did Defendant Lopez–Flores. Nevertheless, Lopez–Flores paid his attorney almost four times the maximum amount under CJA.

Where an employed attorney receives a substantial fee for his services at trial, "a showing of extraordinary good cause, taking into consideration the guidelines of the Criminal Justice Act, will be required before the taxpayers will be called upon to pay any part of the fees, costs, or expenses on appeal, even though the defendant is then destitute." *United States v. Martinez*, 385 F.Supp. at 326. The Court can find no extraordinary good cause in this case. Mr. Almaraz has been paid $11,500.00 above the CJA trial maximum. The maximum fee to which he would be entitled under CJA for appellate representation would be $2,500.00. § 3006A(d)(2). He has been paid, therefore, almost three times the total fee that he would could receive under CJA for both the trial and appeal. The court reporter estimates that this Defendant's share of the cost of the original transcript will be approximately $500.00. Even if the attorney paid this amount, he will still have been paid $8,500.00 above the maximum CJA fee for trial and appeal.

Defendant's motion to proceed *in forma pauperis* is DENIED. It is ORDERED that attorney Almaraz shall continue to represent this Defendant on appeal and pay the costs and expenses of same. *See United States v. Martinez, supra.*